

Joseph M. Hanna | Partner
Direct 716.566.5447 | jhanna@goldbergsegalla.com

February 8, 2021

The Hon. Gregory H. Woods
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

      Re:    **Funaki v. Starbucks Corporation**
               **Case No.: 1:21-cv-00210**

Dear Judge Woods:

      Our office represents Defendant Starbucks Corporation d/b/a Starbucks Coffee Company ("Starbucks"), in the above referenced matter. We respectfully submit this letter jointly with plaintiff Kohei Funaki ("Plaintiff") (collectively, the "Parties") pursuant to the Order and Notice of Initial Pretrial Conference dated January 13, 2021. Please accept the following as the Parties' responses to the Court's requests for information.

    **1.**    **A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion:**

      In this negligence action, Plaintiff alleges that he sustained personal injuries at approximately 6:45 a.m. on November 19, 2019 while attempting to enter the Starbucks Coffee Shop located at 280 Park Avenue, New York, New York. More specifically, Plaintiff alleges that the entrance door fell on him, causing him to sustain injuries to his right wrist, left leg and knee, lumbar spine, and right great toe.

      While no depositions have taken place and fact discovery is in its infancy, Starbucks has produced a written statement from store employee Richard Antigua, who witnessed the incident and interacted with Plaintiff immediately after. Although Mr. Antigua has not been cross-examined on his statement, his statement provides useful context for this action and the anticipated claims and defenses.

      The subject Starbucks has a set of tall, glass doors at its front entrance, which open toward the entering customers. According to Mr. Antigua's statement, one of the two doors had "gotten off its hinges" prior to Plaintiff's arrival. In an attempt to prevent other customers from using the disabled door, the Starbucks shift supervisor posted signs on the adjacent door instructing customers to use another set of doors on the side of the building. The shift supervisor also placed caution signs in front of both front entrance doors. Mr. Antigua reported that, after the signs and cones were placed, "all of our incoming customers noted the situation, [and] used the side door to enter the store."

**Office Location:** 665 Main Street, Buffalo, NY 14203-1425 | 716-566-5400 | Fax: 716-566-5401 | **www.goldbergsegalla.com**

29052173.v1

February 8, 2021
Page 2

Plaintiff approached the subject Starbucks from the front and attempted to pull the disabled door toward him to open it. He fell to the ground and, as noted in Mr. Antigua's statement, the door fell on Plaintiff's leg "on his knee down to his toe." Mr. Antigua came to Plaintiff's aid, called 911, and convinced Plaintiff to leave by ambulance to the hospital.

The primary issue in this action is the adequacy of the warnings Starbucks provided to customers that the subject door was inoperable. Plaintiff alleges in his Verified Bill of Particulars that the warnings were inadequate because, "[a]t the time of the accident, there were no warning signs on the broken, defective and/or dangerous door. The only signs were on the adjacent door. Likewise, there were small cones placed in front of the door to the left but not the broken, defective and/or dangerous door."

Starbucks believes that its warnings were more than sufficient to alert Plaintiff to the disabled door, as evidenced by the actions of the customers before Plaintiff who understood the warnings and entered through the side doors.

> **2.  A brief statement by plaintiff as to the basis of subject matter jurisdiction and venue, and a brief statement by each party as to the presence or absence of subject matter jurisdiction and venue. Statements shall include citations to relevant statutes. In addition, in cases for which subject matter jurisdiction is founded on diversity of citizenship, the parties shall comply with the Court's Individual Rule 2(B)(ii):**

Subject matter jurisdiction lies in this Court pursuant to 28 U.S.C. §§ 1441 and 1332 because complete diversity exists and the amount in controversy exceeds $75,000, exclusive of interest and costs.

Plaintiff is a citizen and resident of New York, and more specifically, New York County. Starbucks is a foreign corporation duly organized and existing by the virtue of the laws of the State of Washington, with a principal place of business at 2401 Utah Avenue S., Seattle, Washington 98134.

Venue is proper in the Southern District of New York because Plaintiff originally brought this action in New York State Supreme Court for New York County. Plaintiff's original venue selection was appropriately based on Plaintiff's residence. The incident also occurred within New York County.

> **3.  A brief description of any (i) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (ii) pending motions, and (iii) other applications that are expected to be made at the status conference:**

There are no pending motions currently, and the Parties are committed to working in earnest to avoid unnecessary motion practice. However, based on the liability defenses discussed above, dispositive motion practice upon the completion of discovery is possible. Such motion

February 8, 2021
Page 3

would be based on grounds that Starbucks discharged its duty to warn as a matter of law. Should Starbucks file a dispositive motion, Plaintiff will argue that there is a question of fact as to the adequacy of the warnings Starbucks provided.

**4.     A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings:**

A considerable amount of paper discovery was completed prior to removal, although no depositions have been conducted. Plaintiff has responded to Starbucks initial discovery demands, including its Combined Discovery Demands and Demand for a Verified Bill of Particulars. Plaintiff has also provided various medical records related to his treatment, along with authorizations to collect his medical records. Starbucks has responded to Plaintiff's initial discovery demands, including Plaintiff's Demand for a Verified Bill of Particulars, Notice to Admit, and Notice for Discovery and Inspection. Starbucks responses included photographs of the subject doors following the accident and invoices for repairs to the subject doors, along with the written statement from Mr. Antigua.

The Parties anticipate that certain photographs, written statements, invoices, and medical records are likely to be admissible under the Federal Rules of Evidence and material to proof of the claims and defenses raised in the pleadings. The Parties expressly reserve their right to object to the admissibility of any discovery, whether or not previously exchanged, in accordance with the Federal Rules of Evidence.

**5.     A computation of each category of damages claimed:**

Plaintiff claims that due to the subject accident, he has suffered a complex tear of triangular fibrocartilage of right wrist, sprain of scapholunate ligament of the right wrist. internal derangement left knee, meniscal tear left knee, contusion of left leg, pain to left leg, lumbar spine derangement, contusion to right great toe and internal hemorrhage to right great toe. At the present time the cost of plaintiff's future medical expenses in undetermined. Plaintiff's possible future wage loss is currently undetermined.

**6.     A statement describing the status of any settlement discussions and whether the parties would like a settlement conference:**

Plaintiff has not yet relayed a settlement demand and Starbucks has not made any offers. Plaintiff's and Starbucks views of liability and damages appear to differ too significantly for meaningful settlement negotiations to take place at this time. However, the Parties are open to reconsidering once depositions are complete.

February 8, 2021
Page 4

7. **Any other information the parties believe may assist the Court in resolving the action:**

The Parties believe that the foregoing adequately sets forth the Parties' contentions in this matter. Should the Court require any additional information in advance of the conference, please let us know.

    Respectfully submitted,

    **GOLDBERG SEGALLA LLP**

    */s/ Joseph Hanna*

    Joseph M. Hanna (JH2603)